The Honorable Mary Jo Heston
Chapter 7
Hearing Location: 1717 Pacific Avenue,
Tacoma, WA 98402
Courtroom H
Hearing Date: June 9, 2020
Hearing Time: 9:00 AM
Response Date: June 2, 2020

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON  - TACOMA DIVISION

| | |
|---|---|
| In Re:<br><br>Joshua Eugene Lycan,<br>Theresa Anne Lycan,<br><br>        Debtors. | Case No.: 20-40815-MJH<br><br>CHAPTER 7<br><br>**CARVANA LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

COMES NOW, Carvana, LLC ("Movant") and moves the Court pursuant to 11 USC §362(d) for Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the Contract and Title described below and attached as exhibits to this motion and memorandum.

I. **RELEVANT FACTS**

**A. The Vehicle**

On or about April 3, 2019, Debtors executed a Contract in favor of Movant in the original principal amount of $12,847.95 ("Contract"). Movant is an entity entitled to enforce

Motion for Relief– Page 1

Ghidotti Berger, LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 1 of 18

the Contract.

The debt described by the Contract by a 2017 Ford Focus FWD 4C FFV, VIN#1FADP3K27HL259534 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal owner thereof.

Subsequent to the execution of the Contract and Title, Debtor has filed for protection under Chapter 7 of Title 11 of the United States Code.

### B. The Debt

As of May 13, 2020, the outstanding Obligations under the Contract are:

| Unpaid Principal Balance | $11,346.23 |
| Unpaid, Accrued Interest | $ 1,128.56 |
| Late Charges | $     15.00 |
| Payoff | $12,489.79 |

The last payment received was on November 15, 2019, which made the account due for the December 3, 2019 payment. The current delinquency as of May 13, 2020 is $1,795.00. This amount is accurate as of the date provided to counsel for the Movant and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Movant.

### C. The Value of the Vehicle

The current value of the Vehicle as of May 13, 2020 according to NADA is $10,525.00. As a result, there is no equity in the Vehicle as follows:

Value         $10,525.00

Payoff        $12,489.79

**Equity      ($1,964.79)**

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See

Ghidotti Berger, LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 2 of 18

*In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case as bar, the declaration and exhibits supporting the motion establish that Movant is the holder of the Contract and legal owner of Title to the Vehicle and thus has standing to prosecute the motion.

### B. Relief Requested

Based on the foregoing, Movant alleges that it is not adequately protected. Movant is not receving regular monthly payments, and is unfairly delayd from proceeding with the collection of the Vehicle. Further, Debtor does not have sufficient equity in the Vehicle. Accordingly, relief from the automatic stay should be granted to Creditor pursuant to 11 U.S.C. §362(d)(1) and (2).

### III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay, permitting Movant Movant to continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law;

2. For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

3. For an Order binding and effective despite any conversion of this case.

4. (4) For such other relief as this Court deems appropriate

Dated: May 18, 2020          Respectfully Submitted,

                             GHIDOTTI BERGER, LLP

                             /s/ Nancy Tragarz
                             Nancy Tragarz, Esq. WSBA #56153
                             Counsel for Movant

Motion for Relief– Page 3                                        Ghidotti Berger, LLP
                                                                 1920 Old Tustin Ave.
                                                                 Santa Ana, CA 92705
                                                                 Tele: 949-427-2010
                                                                 ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 3 of 18

The Honorable Mary Jo Heston
Chapter 7
Hearing Location: 1717 Pacific Avenue, Tacoma, WA 98402
Courtroom H
Hearing Date: June 9, 2020
Hearing Time: 9:00 AM
Response Date: June 2, 2020

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

| | |
|---|---|
| In Re:<br><br>Joshua Eugene Lycan,<br>Theresa Anne Lycan,<br><br>Debtors. | Case No.: 20-40815-MJH<br><br>CHAPTER 7<br><br>**DECLARATION IN SUPPORT OF CARVANA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Comes now, Carvana, LLC ("Movant")'s motion seeking Relief form the Automatic Stay (the "Motion") for Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the Contract and Title described below and attached as exhibits to this motion and memorandum.

////

////

Declaration– Page 1

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 4 of 18

Under penalty of perjury, the undersigned hereby declares as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, based upon receive of the business records, and if called upon to testify in this action, I could and would testify competently thereto.

2. I am a _Senior Manager_ for Carvana, LLC ("Movant"). I am duly authorized to make this declaration on behalf of Movant.

3. I am familiar with the manner and procedure by which the records of Movant are obtained, prepared, and maintained on behalf of Movant. Those records are obtained, prepared, and maintained by employees or agents of Movant in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge of and/or access to business records. I personally reviewed the business records related to this loan prior to executing this declaration.

4. Movant has been responsible for the handling of all matters relative to the underlying loan prior to the filing of the within motion, including but not limited to processing of all payments received, crediting of received payments, adding all proper charges to the loan, confirming the maintenance of insurance, communicating with and responding to the borrower on all matters relative to the loan.

5. Movant is the payee of a retail installment sale contract executed by the Debtors dated April 3, 2019, Debtors executed a Contract in favor of Movant in the original principal amount of $12,847.95 ("Contract"). Movant is an entity entitled to enforce the Contract. A copy of the Contract is attached hereto, marked as **Exhibit "1"** and incorporated herein by reference.

6. All obligations (collectively, the "Obligations") of the Debtors under the Contract are secured by a 2017 Ford Focus FWD 4C FFV, VIN#1FADP3K27HL259534 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal

Declaration– Page 2

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 5 of 18

owner thereof. A copy of the Certificate of Title is attached hereto, marked as **Exhibit "2"** and incorporated herein by reference.

7. On March 19, 2020, Debtors filed a Chapter 7 Bankruptcy petition commencing case number 20-40815-MJH in the United States Bankruptcy Court for the Western District of Washington.

8. As of May 13, 2020, the outstanding Obligations under the Contract are:

| Unpaid Principal Balance | $11,346.23 |
| Unpaid, Accrued Interest | $ 1,128.56 |
| Late Charges | $     15.00 |
| Payoff | $12,489.79 |

9. The current value of the Vehicle as of May 13, 2020 according to NADA is $10,525.00. A true and correct copy of NADA's valuation is attached hereto, marked as **Exhibit "3"** and incorporated herein by reference.

10. The last payment received was on November 15, 2019, which made the account due for the December 3, 2019 payment payment. The current delinquency as of May 13, 2020 is $1,795.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 5/18/2020 at Mesa, AZ.

_____

Jennifer Cruise
Printed Name

Declaration– Page 3

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 6 of 18

Title

Declaration– Page 4

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010
ntragarz@ghidottiberger.com

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
CARVANA, LLC

1123 CANTRELL SANSOM RD

BLUE MOUND TX 76131-1411

**Buyer(s) Name(s) and Address(es)**

Joshua Lycan

5320 36th Avenue Northwes

Gig Harbor WA 98335

**Summary**

No. _____

Date 04/03/19

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1,800.00 |
|---|---|---|---|---|
| 26.60 % | $ 12,997.09 | $ 12,847.95 | $ 25,845.04 | $ 27,645.04 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 359.00 | monthly beginning 05/03/19 |
| 1 | $ 356.04 | 04/03/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | Ford | Focus | Hatchback | 1FADP3K27HL259534 | 41497 |

Other: N/A

☐ New
☒ Used
☐ Demo

## Description of Trade-In

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ___N/A___

___N/A___ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

### Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 12,847.95 plus finance charges accruing on the unpaid balance at the rate of 26.60 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ ___N/A___ that will be ☐ paid in cash. ☐ financed over the term of the Contract.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ ___N/A___ if you pay this Contract in full before we have earned that much in finance charges.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $ 15.00 .

Retail Installment Contract-WA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFLZWA 10/10/2015

Page 1 of 5

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 8 of 18

EXHIBIT "1"

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Itemization of Amount Financed

a. Price of Vehicle, etc. (incl. sales tax of $ 1,331.00 )   $ 12,331.00
b. Service Contract, paid to: Carvana   $ 1,700.00
c. Documentary Service Fee (THE DOCUMENTARY SERVICE FEE IS A NEGOTIABLE FEE. Documentary service fees are not required by the state of Washington.)   $ N/A
d. N/A   $ N/A
e. **Cash Price** (a + b + c + d)   $ 14,031.00
f. Trade-in allowance   $ 0.00
g. Less: Amount owing, paid to (includes q): N/A   $ N/A
h. Net trade-in (f-g; if negative, enter $0 here and enter the amount on line q)   $ 0.00
i. Cash payment   $ 1,800.00
j. Manufacturer's rebate   $ 0.00
k. Deferred down payment   $ 0.00
l. Other down payment (describe) N/A   $ N/A
m. **Down Payment** (h + i + j + k + l)   $ 1,800.00
n. **Unpaid balance of Cash Price** (e-m)   $ 12,231.00
o. Insurance premiums paid to insurance company(ies)   $ 0.00
p. Paid to public officials, including filing fees   $ 192.00
q. Financed trade-in balance (see line h)   $ 0.00
r. Paid to Dept. of Licensing   $ 0.00
s. To: Transit Charge   $ 399.00
t. To: Inventory Tax   $ 25.95
u. To: N/A   $ N/A
v. To: N/A   $ N/A
w. To: N/A   $ N/A
x. To: N/A   $ N/A
y. To: N/A   $ N/A
z. To: N/A   $ N/A
aa. To: N/A   $ N/A
bb. To: N/A   $ N/A
cc. **Total Other Charges/Amts Paid** (o thru bb)   $ 616.95
dd. **Prepaid Finance Charge**   $ 0.00
ee. **Amount Financed** (n + cc-dd)   $ 12,847.95

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single   ☐ Joint   ☐ None
Premium $ N/A   Term N/A
Insured N/A

**Credit Disability**
☐ Single   ☐ Joint   ☐ None
Premium $ N/A   Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: N/A   DOB N/A

By: N/A   DOB N/A

By: N/A   DOB N/A

**Property Insurance.** You must insure the Property.

**You may purchase or provide the insurance through any insurance company or insurance producer reasonably acceptable to us, as the law allows.**

The collision coverage deductible may not exceed $ 1,000.
If you get insurance from or through us you will pay $ N/A
for N/A of coverage.
This premium is calculated as follows:
☐ $ N/A   Deductible, Collision Cov.   $ N/A
☐ $ N/A   Deductible, Comprehensive   $ N/A
☐ Fire-Theft and Combined Additional Cov.   $ N/A
☐ N/A   $ N/A

**Insurance coverage for bodily injury liability, public liability or property damage liability is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage and we will arrange for the coverage. Otherwise you must procure the coverage (if this insurance is required).

**Seller will apply on your behalf for the purchase of insurance checked and indicated above.**

Retail Installment Contract-WA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
RSSIMVLFLZWA 10/10/2015
Page 2 of 5

Case 20-40815-MJH   Doc 17   Filed 05/18/20   Ent. 05/18/20 13:40:16   Pg. 9 of 18

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**
Term: 48 months
Price: $ 1,700.00
Coverage: Carvana Vehicle Protection

☐ **Gap Waiver or Gap Coverage**
Term: 72 months
Price: $ N/A
Coverage: N/A

☐ N/A
Term: N/A
Price: $ N/A
Coverage: N/A

By: *Joshua Lycan* — Joshua Lycan — Date: 04/03/19

By: N/A — N/A — Date

By: N/A — N/A — Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If you do not pay a scheduled installment that is more than double the amount of the average of the preceding installments, you may obtain a new payment schedule. Unless you agree otherwise, the payments due under the new schedule must not be substantially greater than the average of the preceding installments. This right does not apply if the payment schedule is adjusted to your seasonal or irregular income or to accommodate the nature of your employment.

**Governing Law and Interpretation.** This Contract is governed by the law of Washington and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
◆ You fail to perform any obligation that you have undertaken in this Contract.
◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:
◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

Retail Installment Contract-WA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

*JL* RSSIMVLFLZWA 10/10/2015
Page 3 of 5

Case 20-40815-MJH   Doc 17   Filed 05/18/20   Ent. 05/18/20 13:40:16   Pg. 10 of 18

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

[This area intentionally left blank.]

**WARNING.**
UNLESS YOU PROVIDE US WITH EVIDENCE OF THE PROPERTY INSURANCE COVERAGE AS REQUIRED BY THIS CONTRACT, WE MAY (BUT ARE NOT REQUIRED TO) PURCHASE INSURANCE AT YOUR EXPENSE TO PROTECT OUR INTEREST. THIS INSURANCE MAY, BUT NEED NOT, ALSO PROTECT YOUR INTEREST. IF THE COLLATERAL BECOMES DAMAGED, THE COVERAGE WE PURCHASE MAY NOT PAY ANY CLAIM YOU MAKE OR ANY CLAIM MADE AGAINST YOU. YOU MAY LATER CANCEL THIS COVERAGE BY PROVIDING EVIDENCE THAT YOU HAVE OBTAINED PROPER COVERAGE ELSEWHERE.

YOU ARE RESPONSIBLE FOR THE COST OF ANY INSURANCE PURCHASED BY US. THE COST OF THIS INSURANCE MAY BE ADDED TO YOUR AMOUNT FINANCED. IF THE COST IS ADDED TO THE AMOUNT FINANCED, FINANCE CHARGES AT THE RATE STATED IN THE SALES AGREEMENT SECTION WILL APPLY TO THIS ADDED AMOUNT. THE EFFECTIVE DATE OF COVERAGE MAY BE THE DATE YOUR PRIOR COVERAGE LAPSED OR ANOTHER DATE AFTER THAT DATE OF LAPSE.

THE COVERAGE WE PURCHASE MAY BE CONSIDERABLY MORE EXPENSIVE THAN INSURANCE YOU CAN OBTAIN ON YOUR OWN AND MAY NOT SATISFY WASHINGTON'S MANDATORY LIABILITY INSURANCE LAWS.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

[This area intentionally left blank.]

Retail Installment Contract-WA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFLZWA 10/10/2015
Page 4 of 5

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 11 of 18

DocuSign Envelope ID: 7ABA8BBD-BF39-475E-9EDD-A79A69DFE3A7

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: ___N/A_____ Date: ___N/A___
Signature of Third Party Owner (NOT the Buyer)

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *Joshua Lycan*     04/03/19
    Joshua Lycan        Date

By: ___N/A_____ N/A
                                      Date

By: ___N/A_____ N/A
                                      Date

You authorize us to obtain information about you, or the Vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.

**NOTICE TO BUYER. (a) Do not sign this Contract before you read it or if any spaces intended for the agreed terms, except as to unavailable information, are blank. (b) You are entitled to a copy of this Contract at the time you sign it. (c) You may at any time pay off the full unpaid balance due under this Contract, and in so doing you may receive a partial rebate of the service charge. (d) The service charge does not exceed _____ % per annum computed monthly.**

**By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.**

Buyer

By: *Joshua Lycan*     04/03/19
    Joshua Lycan        Date

By: ___N/A_____ N/A
                                      Date

By: ___N/A_____ N/A
                                      Date

Seller

By: *[signature]*     04/03/19
    CARVANA, LLC       Date

**Assignment.** This Contract and Security Agreement is assigned to ___N/A_____,
the Assignee, phone ___N/A___. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

Seller

By: ___N/A_____ Date

Retail Installment Contract-WA Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSSIMVLFLZWA 10/10/2015
_____ Page 5 of 5

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 12 of 18

# STATE OF WASHINGTON
## Vehicle Certificate of Title

Title Number
**1781771248**

| Vehicle Identification Number (VIN) | Year | Make | Model | Body style |
|---|---|---|---|---|
| 1FADP3K27HL259534 | 2017 | FORD | FOCUS | HATCHBACK |

| Title Issue Date | Odometer Miles | Odometer Status | Fuel Type | |
|---|---|---|---|---|
| 07-Mar-2020 | 41,497 | Actual mileage | Gasoline | |

| Scale Weight | Gross Vehicle Weight Rating Code | Vehicle Color | Prior Title State | Prior Title Number |
|---|---|---|---|---|
| 2,948 | | | Washington | 1748296579 |

**Comments**
19765/2017

**Brands**

Sale price $ _____

Date of sale _____

**Buyer:** You must apply for title within 15 calendar days of acquiring the vehicle to avoid a penalty. Take this signed title to a vehicle/vessel licensing office with the appropriate fees.

**Legal Owner:** To release interest, sign below and give this title to the registered owner/transferee or to a vehicle licensing office with the proper fee within 10 days of satisfaction of the security interest, or you may be liable to the owner/transferee for penalties.

**Seller:** You must complete a Report of Sale and file it with the Department of Licensing **within 5 business days** of the sale. File at dol.wa.gov or at any vehicle licensing office or county auditor.

**Legal Owner**

CARVANA LLC
PO BOX 29002
PHOENIX AZ 85038-9002

**Registered Owner**

JOSHUA EUGENE LYCAN
5424 34TH AVENUE CT NW APT H302
GIG HARBOR WA 98335-8563

X _____ Date _____
Signature of first legal owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

X _____ Date _____
Signature of registered owner releases all interest in the vehicle described above. If signing for a business, include business name, signature and title.

X _____ Date _____
Signature of second legal owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

X _____ Date _____
Signature of registered owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

I certify that the records of the Department of Licensing show the persons named hereon as registered owners and legal owners of the vehicle described.

*Teresa Berntsen*
Director, Department of Licensing

Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment.

I certify, to the best of my knowledge, the odometer reading is: ➤ _____ (no tenths)  Transfer date ___/___/___
Odometer reading in miles

This reading is (check one): ☐ the actual mileage of the vehicle  ☐ in excess of its mechanic limits  ☐ not the actual mileage.

Signature of transferee/buyer
X

Signature of transferor/seller
X

PRINTED name of transferee/buyer

PRINTED name of transferor/seller

Address of transferee/buyer

Address of transferor/seller

TD-420-002 (R/7/18)

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 13 of 18

EXHIBIT 2


24001003-000697-01-00000000

CARVANA LLC
PO BOX 29002
PHOENIX AZ 85038-9002

697



| | Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment. |
|---|---|
| Reassignment by vehicle dealer | *I certify, to the best of my knowledge, the odometer reading is:* ➡ _____ (no tenths)  Transfer date ____/____/____<br>Odometer reading in miles<br>*This reading is (check one):* ☐ the actual mileage of the vehicle ☐ in excess of its mechanic limits ☐ not the actual mileage. |
| | Signature of transferee/buyer<br>X | Signature of transferor/seller<br>X |
| | PRINT name of transferee/buyer | PRINT name of transferor/seller |
| | Address of transferee/buyer | Address of transferor/seller |
| | Buying dealer's state license number (if applicable) | Selling dealer's state license number (if applicable) |

| | Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment. |
|---|---|
| Reassignment by vehicle dealer | *I certify, to the best of my knowledge, the odometer reading is:* ➡ _____ (no tenths)  Transfer date ____/____/____<br>Odometer reading in miles<br>*This reading is (check one):* ☐ the actual mileage of the vehicle ☐ in excess of its mechanic limits ☐ not the actual mileage. |
| | Signature of transferee/buyer<br>X | Signature of transferor/seller<br>X |
| | PRINT name of transferee/buyer | PRINT name of transferor/seller |
| | Address of transferee/buyer | Address of transferor/seller |
| | Buying dealer's state license number (if applicable) | Selling dealer's state license number (if applicable) |

Legal owner/Lienholder to be recorded and shown on the new Vehicle Certificate of Title:

_____    _____
Name of legal owner/lienholder                                       Address of legal owner/lienholder

Legal owner/Lienholder customer account number _____
                                                                                   Washington driver license number or Unified Business Identifier (UBI)



NADAguides Value Report    5/13/2020

# 2017 Ford Focus
## Hatchback 5D SE I4

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $6,850 | $7,850 | $8,650 | $10,725 |
| Mileage (54,497) | -$200 | -$200 | -$200 | -$200 |
| Total Base Price | $6,650 | $7,650 | $8,450 | $10,525 |
| **Options** | | | | |
| **Price + Options** | **$6,650** | **$7,650** | **$8,450** | **$10,525** |

| | |
|---|---|
| Certified Pre-Owned (CPO) ⓘ | +$1,075 |
| **Certified Price with Options** | **$11,600** |

**EXHIBIT "3"**

The Honorable Mary Jo Heston
Chapter 7
Hearing Location: 1717 Pacific Avenue,
Tacoma, WA 98402
Courtroom I
Hearing Date: June 9, 2020
Hearing Time: 9:00 AM.
Response Date: June 2, 2020

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 20-40815-MJH |
| | ) |
| Joshua Eugene Lycan, | ) CHAPTER 7 |
| Theresa Anne Lycan, | ) |
| | ) **ORDER TERMINATING THE** |
| Debtors, | ) **AUTOMATIC STAY** |
| | ) |
| | ) |
| | ) |

Order– Page 1

Ghidotti Berger, llp
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

This matter came before the Court on the Motion for Relief from Automatic Stay filed by Carvana, LLC ("Movant"). Based upon the record on file and the representations made to the court, IT IS HEREBY ORDERD:

1. This Order affects the property **2017 Ford Focus FWD 4C FFV, VIN#1FADP3K27HL259534 ("Vehicle").**
2. The automatic stay is terminated as to Movant. Movant may pursue all remedies under state law in connections with the Vehicle and security interest, and may commence or continue any action necessary to obtain complete possession of the Vehicle free and clear of claims of the bankruptcy estate, including continuing all acts necessary to secure possession of the Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law.
3. The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
4. The relief granted herein shall be binding and of full force and effect in any conversion of this case to any other chapter. A conversion to another chapter does not stay or enjoin the effect of this Order, or prevent Movant from taking possession of and selling the Vehicle, and recovering its costs, unless other ordered by this Court.

///END OF ORDER///

Submitted by,

GHIDOTTI BERGER, LLP

<u>/s/ Nancy Tragarz</u>
Nancy Tragarz, Esq.
Counsel for Movant

Order– Page 2

Ghidotti Berger, llp
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-40815-MJH    Doc 17    Filed 05/18/20    Ent. 05/18/20 13:40:16    Pg. 17 of 18

## CERTIFICATE OF SERVICE

On May 18, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
David A Yando    david@yandolaw.com

TRUSTEE
Terrence J. Donahue    tjdbankruptcy@eisenhowerlaw.com

US TRUSTEE
US Trustee    USTPRegion18.SE.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On May 18, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtors<br>Joshua Eugene Lycan<br>5424 34th Ave CT NW H302<br>Gig Harbor, WA 98335<br><br>Theresa Anne Lycan<br>5424 34th Ave CT NW H302<br>Gig Harbor, WA 98335 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll